**In the Interest of Hadley HENDERSON and Kylie Henderson, Children.**

No. 07–98–0136–CV.

Court of Appeals of Texas, Amarillo.

Nov. 2, 1998.

Aldridge Aycock Actkinson & Rutter LLP (Johnny Actkinson and Jeff W. Actkinson), Farwell, for appellant.

Ed Self, Plainview, for appellee.

Before DODSON and QUINN and REAVIS, JJ.

REAVIS, Justice.

By this appeal, appellant Holly Henderson presents a sole issue contending the trial court erred in sustaining the special appearance of appellee Stuart Henderson in her action to (1) modify access and visitation provisions of an Oklahoma divorce decree, and (2) modify and enforce the child support order. Based on the rationale expressed herein, we affirm in part and reverse and remand in part.

Holly and Stuart married in Sunray, Texas on February 7, 1981, and remained residents of Texas for many years. During the time they resided in Sunray, their first child, Hadley, was born on October 12, 1981. The Hendersons moved to Oklahoma in 1982, where, on May 26, 1984, Kylie was born. The family continued to reside in Oklahoma until April 4, 1991, when the District Court of Delaware County, Oklahoma entered a decree of divorce which, among other things,

awarded Holly custody of the minor children and ordered Stuart to pay $246.00 per month in child support.

Following the divorce, Holly and the children moved to Muleshoe, Bailey County, Texas, and have continually resided there. Stuart continued to reside in Oklahoma, but made frequent trips to Texas to visit the children and other family members. The Oklahoma court conducted a hearing on July 12, 1995, on motions filed by Holly seeking modification and enforcement of child support orders contained in the divorce decree. Although Holly testified that an agreement was reached regarding her motions and that the agreement was approved by the trial court, the record does not show whether the Oklahoma court entered an order based on the agreement. Then, on September 15, 1997, Holly filed a modification motion in Texas, currently the subject of this appeal. By count one, she sought (1) an increase in child support in substantial compliance with chapter 154 of the Texas Family Code Annotated (Vernon 1996), (2) modification of Stuart's access and visitation schedule to conform to the standard Texas order, and (3) attorney's fees. By count two, Holly sought enforcement of the Oklahoma child support order by contempt.

After Stuart was served with citation in Oklahoma, he responded by filing (1) a special appearance under Rule 120a of the Texas Rules of Civil Procedure, (2) a plea to subject matter jurisdiction under section 152.003 of the Texas Family Code Annotated (Vernon 1996), (3) special exceptions, and (4) a general denial. At a hearing held on November 10, 1997, the parties stipulated that Holly and Stuart divorced in April 1991, that Holly and the children have resided in Bailey County since that time, and that Stuart has been a resident of Delaware County, Oklahoma since 1991. Also, the reporter's record establishes that Stuart's attorney agreed that the 287th District Court of Bailey County, Texas had jurisdiction over custody and access matters, but contested the court's jurisdiction over modification or enforcement of

child support. After receipt of the stipulations and other evidence, the jurisdiction issue was taken under advisement by the court and the hearing recessed until February 11, 1998, when a telephone conference hearing was held during which the court directed Stuart's attorney to prepare an order sustaining Stuart's special appearance. Despite Stuart's attorney's prior acknowledgment that the court had jurisdiction over custody and access provisions of the Oklahoma order, the order sustaining Stuart's special appearance dismissed the cause as to all relief sought by Holly.

By a sole issue, Holly contends the trial court erred in sustaining Stuart's special appearance because (1) the evidence is factually insufficient to support the order and (2) there is no evidence to support the order. We agree that the court erred in sustaining Stuart's special appearance regarding Holly's motion to modify access and visitation provisions of the Oklahoma decree. Otherwise, we disagree.

 In matters of child **custody**, the Uniform Child Custody Jurisdiction Act is the appropriate statute. *See* Tex. Fam.Code Ann. §§ 152.001–152.025 (Vernon 1996 & Supp.1998). However, when a party seeks to modify a child support order issued by another state, as Holly sought by her motion to modify the Oklahoma decree, the Uniform Interstate Family Support Act [1] applies. *See* Tex. Fam.Code Ann. § 156.408 and §§ 159.101–159.902 (Vernon 1996 & Supp. 1998); *Link v. Alvarado*, 929 S.W.2d 674, 676 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.). Because Stuart remained a resident of Oklahoma, the 287th District Court of Bailey County did not have jurisdiction to modify the original decree or enter a support order at a different level. *Link,* 929 S.W.2d at 676. Therefore, because there is no evidence to support that portion of the order sustaining Stuart's special appearance and dismissal of Holly's request for modification of access and visitation provisions of the Oklahoma decree, Holly's issue is partially sustained. However, Holly's contention that

1. Section 159.201 of the Family Support Act, which provides for jurisdiction over a nonresident, was added by Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, *amended by* Act of May 20, 1997, 75th Leg., R.S., ch. 561 § 5, 1997 Tex. Gen. Laws 1983, 1985.

the trial court erroneously sustained Stuart's special appearance regarding modification and enforcement of child support is overruled.

Accordingly, we sever that portion of the trial court's order sustaining Stuart's special appearance to Holly's request for modification of access and visitation provisions of the Oklahoma decree, and reverse and remand it to the trial court for further proceedings not inconsistent with this opinion. The remainder of the order is affirmed.

QUINN, J., concurring.

QUINN, Justice, concurring.

I concur in the majority opinion but for different reasons. Holly Henderson appeals on the basis that the trial court erred in sustaining Stuart Henderson's special appearance. The latter, in my estimation, questions the trial court's ability to exercise personal jurisdiction over the defendant. It does not implicate subject matter jurisdiction for the two concepts are distinct. Simply put, the former involves the court's ability to require Stuart to defend himself in Texas while the latter pertains to the court's ability to adjudicate the particular claim. So, if the trial court had personal jurisdiction over Stuart for purposes of determining custody, as the majority holds (and to which I agree), then the Texas courts have authority to require him to defend in Texas with regard to all matters. To that extent, I disagree with the majority's determination that the court properly sustained the special appearance as it related to the matters of child support. Again, if Stuart has minimum contacts with Texas, and requiring him to defend here does not offend traditional notions of fair play for one part of the dispute, it does not for the other.

However, I agree that the court which initially addressed the matter of child support has exclusive continuing jurisdiction over that topic as per section 159.205(a) of the Texas Family Code. *Link v. Alvarado*, 929 S.W.2d 674, 676–77 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.). Thus, the trial court below lacked authority to adjudicate the claim itself. In other words, it lacked subject matter jurisdiction over that aspect of the dispute. So, I would dismiss that portion of Holly's suit not on the basis of personal jurisdiction (that is, uphold Stuart's special appearance) but rather dismiss on the basis of a want of subject matter jurisdiction. Though the result I select is the same as that of the majority, the procedure I use (and believe to be binding) is not.