**Sheri Nicole KASDAN, f/k/a Sheri Brussel Berney, petitioner, Appellant,**

v.

**Robert Arthur BERNEY, Respondent.**

No. C1–98–1337.

Court of Appeals of Minnesota.

Jan. 5, 1999.

320

Kay Nord Hunt, Marc A. Johannsen, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for appellant.

David M. Newberg, Holsten Law Office, P.A., Stillwater, for respondent.

Considered and decided by LANSING, P.J., and SHORT and FOLEY *, JJ.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

SHORT, Judge

After obtaining a divorce and child support order in the state of Virginia, Sheri Nicole Kasdan, an Arizona resident, sought enforcement and modification of that support order in a Minnesota district court. On appeal from a dismissal for lack of jurisdiction, Kasdan argues Minnesota courts have jurisdiction to enforce and modify the Virginia support order under the Uniform Interstate Family Support Act.

## FACTS

Sheri Nicole Kasdan (Kasdan) and Robert Arthur Berney (Berney) were married on April 6, 1986. Subsequently, they moved to Roanoke County, Virginia, and had two children. In 1994, the couple separated. Fourteen months later, they obtained a divorce decree, which awarded joint legal custody, sole physical custody to Kasdan, and visitation rights with support obligations to Berney. Following the issuance of that decree, Kasdan and the children moved to Maricopa County, Arizona, and Berney moved to Dakota County, Minnesota.

On March 5, 1998, Kasdan requested an uncontested administrative modification of Berney's child support obligations through Dakota County Community Services (Child Support Enforcement Unit) pursuant to Minn.Stat. § 518.5511 (Supp.1997). Approximately 20 days later, Kasdan requested registration of the Virginia support order in the Dakota County District Court pursuant to Minn.Stat. § 518C.602 (1996); however, no request for enforcement or modification was made at that time. On March 30, 1998, Dakota County gave notice to Berney of the registration of the support order pursuant to Minn.Stat. § 518C.605 (1996).

Berney filed a petition for modification of child support in Maricopa County, Arizona, on April 22, 1998, and Kasdan was served with the petition on June 5, 1998. That same day, Dakota County denied Kasdan's initial administrative modification request. In response, Kasdan made a motion in Dakota County District Court for enforcement and modification of the registered Virginia support order. The trial court held: (1) registration of the Virginia support order in Minnesota did not confer continuing and exclusive jurisdiction to Minnesota; (2) notice of registration is not a petition or comparable pleading under Minn.Stat. § 518C.204 (1996); (3) Berney's petition for modification in Arizona was filed before Kasdan's motion in the Minnesota district court; and (4) because Minnesota is not the home state of the children, Minnesota did not have continuing and exclusive jurisdiction under Minn.Stat. § 518C.204(a). Based on its holding, the trial court referred the parties and their motions to Maricopa County, Arizona, pursuant to Minn.Stat. § 518C.306 (Supp.1997).

On appeal, Kasdan argues the trial court incorrectly concluded Minnesota lacked subject matter jurisdiction under Minn.Stat. ch. 518C, because: (1) her uncontested registration conferred subject matter jurisdiction; (2) she filed a petition or comparable pleading in Minnesota before Berney filed his motion in Arizona; and (3) the home state of the children is not relevant to the determination of subject matter jurisdiction.

## ISSUE

Did the trial court err in determining Minnesota lacked subject matter jurisdiction over a Virginia child support order under the Minnesota Uniform Interstate Family Support Act?

## ANALYSIS

■ Subject matter jurisdiction and the interpretation of statutes raise questions of law, which we review de novo. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985) (stating statutory construction is question of law); *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984) (stating appellate court need not give deference to agency on issues of statutory authority or jurisdiction). We must dismiss an action when the court lacks subject matter jurisdiction. Minn. R. Civ. P. 12.08(c).

Our function in interpreting statutes is to ascertain and effectuate legislative intent. Minn.Stat. § 645.16 (1996); *Shields v. Goldetsky (In re Butler)*, 552 N.W.2d 226, 231 (Minn.1996). When a statute is free from ambiguity, however, we look only at its plain language and presume that language manifests legislative intent. Minn.Stat. § 645.16 (1996); *Lenz v. Coon Creek Watershed Dist.*, 278 Minn. 1, 9, 153 N.W.2d 209, 216 (1967). In this case, we are asked to determine whether the Minnesota district court had authority to exercise subject matter jurisdiction over the Virginia support order under the Uniform Interstate Family Support Act (UIFSA).

The UIFSA's purpose is to unify state laws relating to the establishment, enforcement, and modification of child support orders. Minn.Stat. § 518C.901 (1996); *see also Virginia v. Richter*, 23 Va.App. 186, 475 S.E.2d 817, 819 (Va.Ct.App.1996) (stating UIFSA intended to establish and enforce child support orders across state lines). We interpret Minnesota's modified version of UIFSA to effectuate this purpose. *See* Minn.Stat. §§ 518C.101–.902 (1996 & Supp. 1997); 1997 Minn. Laws ch. 203, §§ 50–71 (amending UIFSA); 1994 Minn. Laws ch. 630, §§ 4, 5 (repealing the Revised Uniform Reciprocal Enforcement of Support Act of 1968 and adopting UIFSA).

Kasdan argues the trial court erred in concluding Minnesota lacked jurisdiction to modify the Virginia support order because the parties stipulated to Minnesota jurisdiction. However, subject matter jurisdiction is conferred by law, not by stipulation. *State ex rel. Farrington v. Rigg*, 259 Minn. 483, 485, 107 N.W.2d 841, 842 (1961). While it is true Minnesota was entitled to jurisdiction regardless of their stipulation, the state was barred from exercising this jurisdiction under Minn.Stat. § 518C.204. *See* Minn.Stat. § 518C.611 (entitling Minnesota to jurisdiction over foreign support order if parties do not reside in issuing state, petitioner is non-resident seeking modification and respondent is subject to personal jurisdiction in Minnesota). Minn.Stat. § 518C.204 states:

(a) A tribunal of this state may exercise jurisdiction to establish a support order if the petition or comparable pleading is filed after a petition or comparable pleading is filed in another state only if:

(1) the petition or comparable pleading in this state is filed before the expiration of the time allowed in the other state for filing a responsive pleading challenging the exercise of jurisdiction by the other state;

(2) the contesting party timely challenges the exercise of jurisdiction in the other state; and

(3) if relevant, this state is the home state of the child.

(b) A tribunal of this state may not exercise jurisdiction to establish a support order if the petition or comparable pleading is filed before a petition or comparable pleading is filed in another state if:

(1) the petition or comparable pleading in the other state is filed before the expiration of the time allowed in this state for filing a responsive pleading challenging the exercise of jurisdiction by this state;

(2) the contesting party timely challenges the exercise of jurisdiction in this state; and

(3) if relevant, the other state is the home state of the child.

Minn.Stat. § 518C.204; *cf.* Ariz.Rev.Stat. § 25–625 (1998). *See also* Ariz.Rev.Stat. §§ 25–621–661 (1998) (adopting version of UIFSA substantially similar to UIFSA adopted in Minnesota).

To exercise jurisdiction under this statute, one must establish whether section 518C.204(a) or section 518C.204(b) applies, and then apply the appropriate statutory provision to the facts. The parties agree the undisputed, relevant facts include: (1) on March 5, 1998, Kasdan submitted an administrative request for enforcement and modification of the support order to Dakota County Community Services (Child Support Enforcement Unit); (2) that same month, Kasdan also submitted a request for registration to enforce and modify the support order to Dakota County District Court; and (3) on June 5, 1998, Kasdan submitted modification

of the support order to the Dakota County District Court.

### 1. Does Minn.Stat. § 518C.204(a) or (b) apply?

■ Kasdan argues both her registration and administrative request for enforcement and modification of the support order constitute a "petition or comparable pleading" under Minn.Stat. § 518C.204. *See Black's Law Dictionary* 1145, 1152 (6th ed.1990) (defining "petition" as formal written address or application to some governmental authority, and "pleading" as formal allegations of claims and defenses with intended purpose to provide notice). As a result, she contends the statute is inapplicable because she filed her "petitions" first and Berney did not timely challenge Minnesota's jurisdiction. *See* Minn. Stat. §§ 518C.204(a) (applicable only if Minnesota pleading filed after foreign pleading); 518C.204(b) (applicable if contesting party timely challenges Minnesota's jurisdiction). However, her argument is contrary to the clear language of Minn.Stat. ch. 518C.

■ The statute specifies a petition or comparable pleading seeking to enforce or modify a support order may be filed at the time of registration or later. *See* Minn.Stat. §§ 518C.602(c) (stating that, for enforcement of support order, petition or comparable pleading that specifies grounds for remedy may be filed at time of registration or later), 518C.609 (stating that, for modification of support order, petition that specifies grounds for remedy may be filed at time of registration or later). Thus, a request for registration of a foreign support order is distinct from, and does not constitute, a petition for enforcement or modification.

Further, although the prior version of Minn.Stat. ch. 518C defined "petition" as a petition or comparable pleading under Minn. Stat. § 518.5511 that included an administrative request, this definition was removed from the Act. *See* 1997 Minn. Laws ch. 203, § 50 (removing definition of "petition or comparable pleading"); Minn.Stat. § 518C.101 (lacking definition of "petition or comparable pleading"). Although Minn.Stat. § 518C.204 does not currently define administrative requests as "petitions," to include such re-

quests as "petitions" would render meaningless the statute's requirement that the court consider the time allowed to file a responsive pleading in determining jurisdiction. *See* Minn.Stat. § 518.5511, subds. 1(c), 2(a) (Supp.1997) (stating if uncontested administrative request is denied, only initiating party is notified; noninitiating party is notified only if child support is established, modified, or enforced); *see also* Minn.Stat. § 645.17 (1996) (requiring this court to presume legislature intends entire statute to be effective and certain and does not intend result that is impossible to execute). Thus, Kasdan's administrative request for modification also is not a "petition or comparable pleading" within the Act.

■ By contrast, Kasdan's motion to enforce and modify the Virginia support order was a petition or comparable pleading according to Minn.Stat. ch. 518C. The record shows: (1) on April 22, 1998, Berney filed a petition for modification in Maricopa County, Arizona; (2) on May 18, 1998, Berney's petition for modification was served on Kasdan; (3) on June 5, 1998, Kasdan filed a petition in Dakota County to enforce and modify the Virginia support order. Because Kasdan's Minnesota petition was filed after Berney's Arizona petition, Minnesota may only exercise jurisdiction if the requirements of Minn. Stat. § 518C.204(a) are met.

### 2. Application of Minn.Stat. § 518C.204(a)

■ Minn.Stat. § 518C.204(a) requires that a petition or comparable pleading in Minnesota be filed before the expiration of the time allowed in Arizona for filing of a responsive pleading challenging the exercise of jurisdiction by Arizona. In her brief, Kasdan concedes she did not file within the time allowed by stating "the first two prongs of [Minn.Stat. § 518C.204](a) * * * were not met." However, our independent review of the record shows that because Kasdan, an in-state Arizona resident, received notice on May 18, she had until June 8 to file a responsive pleading in Arizona. *See* Ariz.Rev.Stat. Ann. app. § 25–320, subd. 21(b) (West 1998) (providing that upon request of child support modification, nonpetitioning party must re-

■■■■■■■■■■■■■■

quest hearing within 20 days of service if in-state or 30 days of service if out-of-state); *see also* Ariz. R. Civ. P. 6(a) (dictating that computation of time period over 11 days includes Saturdays, Sundays, and legal holidays). Thus, because Kasdan filed a responsive pleading in Minnesota district court on June 5, this element has been met.

■■ Kasdan has not, however, proved the remaining elements of Minn.Stat. § 518C.204(a). Because Kasdan concedes she has not timely challenged the jurisdiction of Arizona and the record is silent on this issue, we conclude Minnesota may not exercise jurisdiction under Minn.Stat. § 518C.204(a)(2). Moreover, because Arizona, not Minnesota, is the home state of Kasdan and Berney's children, we also conclude Minnesota may not exercise jurisdiction. *See* Minn.Stat. § 518C.204(a)(3) (examining home state of children if relevant to determination of jurisdiction); Unif. Interstate Family Support Act § 204 cmt. (amended 1996), 9 U.L.A. 348–49 (Supp.1998) (interpreting "if relevant" language of Minn.Stat. § 518C.204(a)(3) to mean that "first filing" controls in resolving disputes between competing jurisdictional assertions only if child has no home state). *See generally* Patricia Wick Hatamyar, *Critical Applications and Proposals for Improvement of the Uniform Interstate Family Support Act and the Full Faith and Credit for Child Support Orders Act*, St. John's L.Rev., Winter 1997, at 20, 69–70 (discussing possible interpretations of section 204(a)(3) and recommending amendment of statute to omit "if relevant" language); Gerald O. Williams, *Interstate Child Custody and Visitation*, BENCH & BAR, Nov./Dec.1998, at 37 (noting UCCJEA and PKPA gives home state of child fundamental priority in determining jurisdiction over child custody and visitation matters).

■■ Kasdan also argues the trial court erred in failing to address whether Minnesota should enforce the Virginia support order even if it could not modify the support order. However, although the original order remains valid and enforceable until properly modified, we conclude the trial court properly decided not to waste judicial resources addressing this issue. Minn.Stat. § 518C.205(b)-(d); Unif. Interstate Family Support Act § 205(b)-(d), cmt. (amended 1996), 9 U.L.A. 350–51 (Supp.1998); *see also Matson v. Matson*, 333 N.W.2d 862, 867–68 (Minn.1983) (citing U.S. Const. art. IV, § 1 and stating full faith and credit requires each state shall recognize and enforce judgments of other states); *Arora v. Arora*, 351 N.W.2d 668, 671 (Minn.App.1984) (stating until child support order is subject to modification, it should get full faith and credit), *review denied* (Minn. Oct. 11, 1984).

## DECISION

Kasdan failed to establish Minnesota could exercise subject matter jurisdiction to modify the Virginia child support order. Although Minnesota has subject matter jurisdiction under Minn.Stat. § 518C.611, Minnesota is precluded from exercising that jurisdiction under Minn.Stat. § 518C.204(a) because: (1) Kasdan has failed to establish she challenged jurisdiction in Arizona; and (2) the home state of the children in Arizona is relevant.

**Affirmed.**