**Karen A. STONE, Appellant,**

v.

**Wade S. STONE, Respondent.**

**No. C6–01–874.**

Court of Appeals of Minnesota.

Dec. 11, 2001.

Ronald R. Frauenshuh, Jr., Ortonville, for appellant.

Harry D. Hohman, Wojtalewicz & Hohman Law Firm, Ltd., Appleton, for respondent.

Considered and decided by SHUMAKER, Presiding Judge, TOUSSAINT, Chief Judge, and SCHUMACHER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant-mother challenges the district court's order vacating her registration in Minnesota of the parties' South Dakota post-dissolution order modifying child support and visitation, claiming that the refusal to register the orders violates (1) Minn. Stat. § 518D.305(a) (2000), which governs registration of foreign child-custody determinations, and (2) Minn.Stat. § 518C.602 (2000), which governs registration of foreign child-support orders. We affirm.

## FACTS

Appellant Karen A. Stone and respondent Wade S. Stone dissolved their marriage in South Dakota in 1989. Although nothing in the court file or the parties' submissions discloses the number of minor children involved in this matter, it appears that there are at least two. They are in appellant's custody and respondent pays child support.

At some point after the dissolution, the parties moved out of South Dakota. Appellant now lives in Minnesota with the children and respondent lives in Missouri.

On July 30, 1996, respondent moved the South Dakota circuit court for modification of the amount of his child-support obligation. The court granted the motion and ordered a modification. Then in February 1997, the parties stipulated to a modification of child support and visitation. The South Dakota court ordered the modification as stipulated.

On January 26, 2001, appellant registered the 1996 and 1997 South Dakota orders in Minnesota. Respondent then brought a motion in the Minnesota district court to vacate the registration of the South Dakota orders and for an award of attorney fees. Appellant followed with a motion to have the Minnesota court assume jurisdiction over custody, support, and health insurance, and to require respondent to provide proof of life insurance.

On May 1, 2001, after a hearing, the Minnesota district court ordered the vacation of the registration of the South Dakota orders and denied respondent's motion for attorney fees and all of appellant's motions. The court ruled that appellant failed to meet the statutory requirements for registration of foreign orders and that there is no basis for the exercise of jurisdiction in Minnesota.

On May 2, 2001, appellant filed a motion in Minnesota to modify child support. That motion apparently is pending.

Appellant challenges the district court's order vacating her registration of the South Dakota orders.

## ISSUES

1. Did the district court err in vacating the registration of a foreign child-support order because appellant failed to allege arrearages and failed to show that she was not a resident of Minnesota?

2. Did the district court err in vacating a foreign visitation order when there was no custody or visitation dispute and when appellant failed to comply with the registration requirements of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)?

## ANALYSIS

■ Appellant contends that Minnesota statutory law permits her to register the South Dakota visitation and support orders in Minnesota. Issues as to the jurisdiction of courts and the interpretation of statutes raise questions of law, which this court reviews de novo. *Kasdan v. Berney,* 587 N.W.2d 319, 321 (Minn.App.1999).

1. *Registration of Support Order*

■ Minnesota has adopted the Uniform Interstate Family Support Act (UIFSA). Minn.Stat. §§ 518C.101—.902 (2000). That law allows the registration of a support order from another state "for enforcement." Minn.Stat. § 518C.601. Among the procedural prerequisites for registration is the filing of a sworn or certified statement "showing the amount of any arrearage." Minn.Stat. § 518C.602(a)(3). There are no arrearages in child support here. Thus, there is no "enforcement" issue as to the South Dakota support order and appellant is not enti-

tled to register it for enforcement in Minnesota.

Minnesota law also allows the registration of a child-support order from another state for modification or for modification and enforcement. Minn.Stat. § 518C.609. The Minnesota court may modify the foreign support order only if it finds, among other things, that the petitioner is a non-resident of Minnesota. Minn.Stat. § 518C.611(a)(1)(ii). Appellant, the petitioner, is a resident of Minnesota and thus cannot satisfy the requirements for modification of the South Dakota support order.

Because appellant is unable to satisfy the statutory requirements for registration of the South Dakota support order for enforcement or for modification, the district court did not err in vacating the registration of that order.

### 2. *Registration of Visitation Order*

Appellant claims that, because Minnesota is the home state of the children and thus the proper state for jurisdiction, the district court was required under Minnesota law to register the South Dakota orders and assume jurisdiction over custody issues.

■ Minnesota recently adopted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) for all custody issues raised after January 1, 2000. Minn.Stat. §§ 518D.101—.317 (2000).[1] The uniform custody laws were established to resolve jurisdictional issues involving interstate child-custody disputes and must be interpreted accordingly. *See Nazar v. Nazar*, 505 N.W.2d 628, 636 (Minn.App. 1993) (noting purpose of UCCJA as formerly codified under Minn.Stat. § 518A.01, subd. 1(a) (1992)), *review denied* (Minn. Oct. 28, 1993). In general, under the UC-

CJEA, the state that issued a child-custody determination will maintain exclusive, continuing jurisdiction so long as the state remains the residence of the child or a parent or any contestant of the custody proceeding. Minn.Stat. § 518D.202. A Minnesota court may modify South Dakota's determination if Minnesota is currently the child's home state and South Dakota no longer has exclusive, continuing jurisdiction. Minn.Stat. § 518D.203. A custody determination includes an order providing for visitation with respect to a child. Minn.Stat. § 518D.102(d).

A child-custody determination made by a court of another state may be registered in Minnesota with or without a simultaneous request for enforcement. Minn. Stat. § 518D.305(a). A party requesting registration of a child-custody order under the UCCJEA must send to the district court in Minnesota a letter or other document requesting registration of another state's child-custody order, copies of the child-custody order, and the names and addresses of the party seeking registration and the party awarded custody or visitation. *Id.*

■ In this case, Minnesota has jurisdiction to modify the South Dakota custody or visitation determination because Minnesota is currently the home state of the mother and the children, who have lived here for more than four years. *See* Minn.Stat. §§ 518D.102, .201, .202 (providing Minnesota with jurisdiction to make a child-custody determination if state is child's home state, defined as state where child has lived for at least six consecutive months before commencement of proceedings). However, appellant has not alleged an existing custody dispute and has not registered the South Dakota order under

---

1. South Dakota law is still modeled after the Uniform Child Custody Jurisdiction Act (UC-

CJA). S.D. Codified Laws ch. 26–5A (1999 & Supp.2000).

the UCCJEA. Although appellant initially attempted to register the South Dakota orders under the Uniform Interstate Family Support Act (UIFSA), she failed to register the South Dakota order as required by the UCCJEA. Custody matters must be registered under the UCCJEA and child-support matters must be registered under the UIFSA. *See Abu–Dalbouh v. Abu–Dalbouh,* 547 N.W.2d 700, 705 (Minn.App.1996) (noting that UCCJA and UIFSA operate under different standards); *In re Henderson,* 982 S.W.2d 566, 567 (Tex.App.1998) (noting that UCCJA is appropriate statute in matters of child custody, but when a party seeks to modify a child-support order issued by another state, appropriate statute to apply is UIFSA). Minnesota cannot take jurisdiction of custody issues when there is neither proper registration under the UCCJEA nor assertion of an existing custody dispute. Thus, the district court did not err in denying appellant's motion to have the court take jurisdiction over the visitation issue.

### DECISION

Because appellant failed to comply with the registration requirements of UIFSA and UCCJEA, the district court properly vacated the registration of South Dakota support and visitation orders.

**Affirmed.**