**In re the Marriage of Robert PORRO, Petitioner, Appellant,**

v.

**Rhonda PORRO, Respondent.**

**No. A03–1086.**

Court of Appeals of Minnesota.

Feb. 24, 2004.

Robert A. Lengeling, Richard Rhinehart & Associates, LLP, Sioux City, Iowa, for appellant.

Rhonda Porro, Woodbury, MN, pro se respondent.

Considered and decided by ANDERSON, Presiding Judge; KLAPHAKE, Judge; and WILLIS, Judge.

## OPINION

WILLIS, Judge.

Appellant-father appeals from a child-support magistrate's order modifying a child-support order issued in Massachusetts. Father argues that, under the Uniform Interstate Family Support Act, Minnesota courts lacked subject-matter jurisdiction either to enforce or to modify the Massachusetts order. Because we agree that the magistrate lacked jurisdiction to modify the order, we vacate the magistrate's order.

## FACTS

Appellant-father Robert Porro and respondent-mother Rhonda Porro dissolved their marriage in Massachusetts in June 1999. The divorce judgment granted the parties joint legal custody of their only child, with mother receiving sole physical custody. The judgment included an order establishing child-support obligations for the father. Mother and the child moved to

Minnesota in June 1999 and remain residents of this state. In August 2000, father moved to Nebraska, where he continues to reside.

In June 2001, mother registered the Massachusetts divorce judgment and child-support order for enforcement and modification in Minnesota by submitting to the Washington County District Court the information required by Minn.Stat. § 518C.602(a) (2002), including an affidavit alleging that father was in arrears on his share of the child's health-care expenses. On August 3, she filed a motion in district court for modification of the support order. Father subsequently moved the court for an order denying mother's request for modification.

In December 2001, the child-support magistrate dismissed mother's motion after concluding that Minnesota courts lacked jurisdiction under the Uniform Interstate Family Support Act (UIFSA) to modify the child-support order. Mother moved the district court for review of the dismissal order. The district court granted review and concluded that, by invoking the power of Minnesota courts in his previously submitted motion, father had consented to the Minnesota court's exercise of personal jurisdiction over him. The order did not address whether Minnesota courts had subject-matter jurisdiction over the Massachusetts child-support order.

Father appealed the district court's order to this court, and we affirmed the district court's determination that Minnesota courts had personal jurisdiction over father in this dispute. *See Porro v. Porro,* No. C3–02–647 (Minn.App. Nov.26, 2002).

The opinion did not address the issue of subject-matter jurisdiction.

A hearing on mother's motion to modify the child-support order was held in January and February 2003. On March 26, the child-support magistrate filed findings of fact, conclusions of law, and an order modifying father's child-support obligations. In her findings, the magistrate noted that a question remained concerning whether Minnesota has subject-matter jurisdiction over the Massachusetts order and that she was ruling on the matter "on the assumption that the parties want the issues resolved by the State of Minnesota and that the parties will file written consent in the issuing tribunal as required by Minn.Stat. § 518C.611(a)(2) or otherwise contest the issue of subject-matter jurisdiction."

Father moved the magistrate under Minn. R. Gen. Pract. 376 to review her decision, contesting two of the modifications ordered by the magistrate and arguing for the first time that Minnesota courts lack subject-matter jurisdiction over the Massachusetts order. The magistrate denied father's requests and concluded that she had "jurisdiction in this matter pursuant to Minn.Stat. § 484.702, subds. 1 and 3," which provide for the establishment of an expedited child-support hearing process for, inter alia, modification of child-support orders in IV–D cases.[1] The magistrate's findings of fact noted that the subject-matter jurisdiction requirements of Minn. Stat. § 518C.611 still had not been met. Father then filed this appeal, contesting Minnesota's jurisdiction either to enforce or to modify the Massachusetts order.

---

1. An IV–D case is one in which a party has assigned the rights to child support to the state because of the receipt of public assistance or has applied for child-support services under Title IV–D of the Social Security Act.

Minn.Stat. § 518.54, subd. 14 (2002). The record shows that mother applied for IV–D services at some time after she moved for modification of the child-support order.

## ISSUES

1. Do Minnesota courts have subject-matter jurisdiction to enforce the Massachusetts child-support order?

2. Did the child-support magistrate have subject-matter jurisdiction to modify the Massachusetts child-support order?

## ANALYSIS

 This court reviews de novo questions regarding the jurisdiction of courts and the interpretation of statutes. *Kasdan v. Berney*, 587 N.W.2d 319, 321 (Minn. App.1999).

### I.

 Minnesota and Massachusetts have both adopted the Uniform Interstate Family Support Act. *See* Minn.Stat. §§ 518C.101–518C.902 (2002); Mass. Gen Laws ch. 209D, §§ 1–101–9–902 (2002). Under the UIFSA, a support order issued by a tribunal of another state can be registered in Minnesota for enforcement and for modification. Minn.Stat. §§ 518C.601, 518C.609. Father, citing *Stone v. Stone*, argues that, if there are no arrearages, then there are no enforcement issues, and an obligee is not entitled to registration for enforcement. 636 N.W.2d 594, 596–97 (Minn.App.2001). Therefore, he contends, mother's registration of the Massachusetts child-support order was ineffective and Minnesota courts do not have jurisdiction to enforce the order because nothing in the record shows that any arrearages existed when mother submitted the registration documents.

But *Stone* is distinguishable from this case. There, the petitioning mother failed to allege that the obligor was not in compliance with the foreign child-support order. *Id.* at 596. Because the mother had not alleged any non-compliance with the order, we held that there was no enforcement issue as to the ... support order and

(mother was) not entitled to register it for enforcement in Minnesota. *Id.* at 596–97. Here, mother submitted an affidavit alleging arrearages in father's child-support obligations, so there was an enforcement issue in regard to the Massachusetts order.

The requirements for registration of a foreign child-support order are set forth in Minn.Stat. § 518C.602(a), which provides that the registering party must submit the following to the registering court:

(1) a letter of transmittal to the tribunal requesting registration and enforcement;

(2) two copies, including one certified copy, of all orders to be registered, including any modification of an order;

(3) a sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage;

(4) the name of the obligor and, if known:

(i) the obligor's address and social security number;

(ii) the name and address of the obligor's employer and any other source of income of the obligor; and

(iii) a description and the location of property of the obligor in this state not exempt from execution; and

(5) the name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.

Minn.Stat. § 518C.602(a). There is nothing in the statutory registration requirements or caselaw indicating that a showing that actual arrearages existed at the time of registration is necessary for registration to be effective. As we noted in *Stone*, an *allegation* that the obligor is not in compliance with the foreign order is necessary to register the order for enforcement. 636

N.W.2d at 596. After the order has been registered, the registering court must notify the obligor that it has been registered and, inter alia, of the amount of any alleged arrearages. Minn.Stat. § 518C.605. The obligor then has 20 days in which to request a hearing to contest the validity or enforcement of the registered order by establishing one of the seven defenses enumerated in Minn.Stat. § 518C.607(a).[2] Minn.Stat. § 518C.606(a). If the obligor fails to establish one of the defenses in section 518C.607(a), the registering court shall issue an order confirming registration of the order. Minn.Stat. § 518C.607(c). If the obligor fails to contest the registration in a timely manner, the registration is confirmed by operation of law. Minn.Stat. § 518C.606(b). Confirmation of a registered order precludes further contest of the order with respect to any matter that could have been asserted at the time of registration. Minn.Stat. § 518C.608.

Here, mother complied with the procedures for registration set forth in Minn. Stat. § 518C.602(a), and father failed to contest the registration. We conclude that mother effectively registered the Massachusetts order and Minnesota courts have jurisdiction to enforce the order.

## II.

■ Under section 205 of the UIFSA, as codified in Massachusetts, Massachusetts courts retain continuing, exclusive jurisdiction to modify a child-support order issued in Massachusetts

(1) as long as the commonwealth remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

(2) until all of the parties who are individuals have filed written consents with the tribunal of the commonwealth for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

Mass. Gen. Laws ch. 209D, § 2–205(a); *see also* Minn.Stat. § 518C.205(a) (providing identical statement of law applicable to child-support orders issued by Minnesota courts). When courts lose continuing, exclusive jurisdiction under section 205(a), they lose jurisdiction to modify the order, but the order may still be enforced by the issuing court and by courts of any states where the order has been registered. Unif. Interstate Family Support Act § 205 cmt. (amended 1996), 9 U.L.A. Pt. IB, at 286 (1999). Here, under Mass. Gen. Laws ch. 209D, § 2–205(a)(1), Massachusetts lost continuing, exclusive jurisdiction to modify the child-support order when the child and both parents moved out of the state. But although subsection 205(a) of the UIFSA identifies how the issuing court may lose continuing, exclusive jurisdiction to modify an order, it does not confer jurisdiction to modify the order on another court. *Id.* Sections 611 and 613 of the UIFSA, codified in Minnesota as Minn. Stat. §§ 518C.611 and 518C.613, identify the three circumstances under which

---

2. Minn.Stat. § 518C.607(a) provides that [a] party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
(1) the issuing tribunal lacked personal jurisdiction over the contesting party;
(2) the order was obtained by fraud;
(3) the order has been vacated, suspended, or modified by a later order;

(4) the issuing tribunal has stayed the order pending appeal;
(5) there is a defense under the law of this state to the remedy sought;
(6) full or partial payment has been made; or
(7) the statute of limitation under section 518C.604 precludes enforcement of some or all of the arrearages.
Minn.Stat. § 518C.607(a).

Minnesota courts can assume jurisdiction to modify the Massachusetts child-support order.

First, Minn.Stat. § 518C.611(a)(1) provides that a Minnesota court may modify a foreign child-support order if the order has been registered in Minnesota and, after notice and hearing, the registering court finds that:

(i) the child, the individual obligee, and the obligor do not reside in the issuing state;

(ii) a petitioner who is a nonresident of this state seeks modification; and

(iii) the respondent is subject to the personal jurisdiction of the tribunal of this state.

Minn.Stat. § 518C.611(a)(1). Here, mother petitioned for modification. Because she is a resident of Minnesota, the requirement of section 518C.611(a)(1)(ii) was not met, and Minnesota courts, therefore, could not assume jurisdiction to modify the order under section 518C.611(a)(1).

Second, Minn.Stat. § 518C.611(a)(2), provides that a Minnesota court may modify a foreign child-support order if the child or one of the parents is subject to the personal jurisdiction of the Minnesota court and both parents have filed in the issuing court written consents for Minnesota courts to modify the support order and assume continuing, exclusive jurisdiction over it. Minn.Stat. § 518C.611(a)(2). Here, the parties have not filed the requisite consents in the Massachusetts court. Minnesota courts, therefore, cannot assume jurisdiction to modify the order under section 518C.611(a)(2).

Third, Minn.Stat. § 518C.613(a) provides that Minnesota courts can assume jurisdiction to modify the Massachusetts order if both parents live in Minnesota and the child no longer lives in Massachusetts. *See* Minn.Stat. § 518C.613(a). Here, father is not a Minnesota resident. Therefore, Minnesota courts do not have jurisdiction to modify the order under section 518C.613(a).

None of the circumstances identified in the UIFSA that would give Minnesota courts subject-matter jurisdiction to modify the Massachusetts child-support order is present here. The magistrate, therefore, did not have jurisdiction to modify the Massachusetts order.

This conclusion is consistent with the intent of the UIFSA, which contemplates that, when the parents have both left the state where the child-support order was issued but do not currently reside in the same state, the party petitioning for modification of the support order must do so in a state that (1) has personal jurisdiction over the other parent, and (2) is not the state in which the petitioner resides. As the commissioner's comment to section 611 explains,

[t]his restriction attempts to achieve a rough justice between the parties in the majority of cases by preventing a litigant from choosing to seek modification in a local tribunal to the marked disadvantage of the other party. . . . In short, the obligee is required to register the existing order and seek modification of that order in a state which has personal jurisdiction over the obligor other than the State of the obligee's residence.

Unif. Interstate Family Support Act § 611 cmt., 9 U.L.A. Pt. IB, at 371.

■ Finally, we conclude that the child-support magistrate erred by determining that she had subject-matter jurisdiction to modify the order under Minn.Stat. § 484.702 (2002). While the record indicates that an IV–D file was opened in mother's name during the course of this dispute, we find nothing in section 484.702 or in the UIFSA suggesting that the creation of an IV–D file confers jurisdiction to modify a foreign child-support order.

## DECISION

Mother complied with the statutory requirements for registering the Massachusetts child-support order, so Minnesota courts have jurisdiction to enforce the order. But because the requirements of neither Minn.Stat. § 518C.611(a) nor Minn. Stat. § 518C.613(a) were met, the magistrate lacked jurisdiction to modify the order. We therefore vacate the magistrate's order.

**Vacated.**