**In the Matter of the WELFARE OF S.R.S., a Minor Child.**

**No. A07–1725.**

Court of Appeals of Minnesota.

Sept. 30, 2008.

John E. Mack, Mack & Daby P.A., New London, MN, for appellant mother.

Timothy J. Simonson, Willmar, MN, for respondent father.

Considered and decided by KLAPHAKE, Presiding Judge; MINGE, Judge; and SCHELLHAS, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Rhonda Strick and Kandiyohi County, Minnesota (on her behalf), challenge the district court's order concluding that Minnesota courts do not have jurisdiction to modify a Colorado child support order after Colorado transferred jurisdiction to Minnesota. Appellant also asserts that the district court's failure to accept jurisdiction violates the full faith and credit clause of the United States Constitution.

Because the parties do not all reside in Minnesota and the order has not been registered in Minnesota, Minnesota does not have jurisdiction under the Uniform Interstate Family Support Act to modify the Colorado child support order, and because the full faith and credit clause of the United States Constitution does not require Minnesota to accept subject matter jurisdiction in violation of Minnesota law, we affirm.

## FACTS

The parties are unmarried parents of a minor child who was born in Colorado on November 11, 1994. On or about April 1, 1996, a Colorado court granted appellant sole custody of the child, granted respondent Larry Bormuth visitation, and ordered him to pay child support. This order was modified by the Colorado court in February 2001 and June 2002. In July 2001, the Colorado court approved appellant's request to relocate with the minor child to Minnesota.

In August 2005, respondent moved the Colorado court to modify his visitation rights. In response, appellant requested the Colorado court to stay respondent's motion and transfer jurisdiction to Minne-

sota. On October 26, 2005, the Colorado court found that Colorado was an inconvenient forum based on Colo.Rev.Stat. § 14–13–207(1) (2005), stayed the motion, and transferred "jurisdiction of this case" to Minnesota. Respondent filed an objection to the transfer of jurisdiction. On June 7, 2006, a Minnesota district court denied respondent's request to modify visitation. After the Colorado court ordered jurisdiction transferred, child support continued to be enforced by the Colorado child support enforcement authority.

In October 2006, Kandiyohi County, on behalf of appellant, moved the Minnesota court to modify respondent's child support obligation.[1] Prior to the October 2006 motion, when respondent learned that appellant was attempting to pursue enforcement and modification of the Colorado child support order in Minnesota, he requested that the Colorado court hold a conference to clarify the issue of jurisdiction regarding child support. Respondent claimed that while Minnesota had jurisdiction over custody and visitation as a result of the prior Colorado court order, he believed Colorado retained jurisdiction over child support issues. At the September 14, 2006 conference, respondent asked the Colorado court to clarify its previous order and to address the authority that would give Minnesota jurisdiction for support issues under the Uniform Interstate Family Support Act (UIFSA). In an order issued September 21, 2006, the Colorado court stated that its intent concerning the October 26, 2005 order was to transfer jurisdiction of the entire case to Minnesota, including the ability to enforce and to modify child support, and ordered jurisdiction of all issues transferred to Minnesota without further expla-

---

1. Appellant's application for child support services from Kandiyohi County under Title IV–D of the Social Security Act, 42 U.S.C. § 654(4) (2006) provided the county with a pecuniary interest in this matter.

nation of the legal basis for its decision and without reference to the UIFSA.

After receiving the Colorado court's order, respondent challenged appellant's motion to modify support on jurisdictional grounds in Minnesota. On February 5, 2007, a Minnesota child support magistrate granted appellant's modification request. Respondent requested review of the magistrate's decision in Minnesota district court. On June 26, 2007, the Minnesota district court determined that Minnesota courts do not have jurisdiction to modify the Colorado child support order and reversed the magistrate's February 5 order.

## ISSUES

1. Did the district court err in concluding that Minnesota does not have subject matter jurisdiction under the Uniform Interstate Family Support Act to modify the Colorado child support order after Colorado transferred jurisdiction of the case to Minnesota?

2. Did the district court's failure to accept subject matter jurisdiction violate the full faith and credit clause of the United States Constitution?

## ANALYSIS

*1. Uniform Interstate Family Support Act*

This court reviews questions of jurisdiction and interpretation of statutes de novo. *Porro v. Porro*, 675 N.W.2d 82, 85 (Minn.App.2004). When interpreting a statute, this court ascertains and effectuates legislative intent. *Kasdan v. Berney*, 587 N.W.2d 319, 322 (Minn.App.1999). When a statute is unambiguous, this court looks only at "its plain language and presume[s] that language manifests legislative intent." *Id.*

The Uniform Interstate Family Support Act (UIFSA) has been adopted by all 50 states and addresses jurisdiction to enforce and modify child support orders. Martin L. Swaden & Linda A. Olup, 14 *Minnesota Practice* § 7.25 (Supp.2007). Minnesota has codified the UIFSA at Minn.Stat. § 518C (2006). Minn.Stat. §§ 518C.611 and 518C.613 identify the three circumstances under which Minnesota courts can assume jurisdiction to modify a child-support order of another state. *Porro*, 675 N.W.2d at 86–87.

First, Minn.Stat. § 518C.613(a) provides that Minnesota has jurisdiction to modify a support order issued by another state when both parents reside in Minnesota and the child does not reside in the issuing state. Here, respondent father is not a Minnesota resident. Therefore, Minnesota courts do not have jurisdiction to modify the Colorado support order under this section.

Second, Minn.Stat. § 518C.611(a)(1) provides that when the parties do not all reside in Minnesota, a Minnesota court may modify a foreign support order only after the order has been registered in Minnesota, the party seeking modification is a nonresident of Minnesota, and Minnesota has personal jurisdiction over the obligor. Minn.Stat. § 518C.611(a)(1)(ii), (iii). Appellant mother petitioned for modification. Here, as in *Porro*, because appellant is a resident of Minnesota and, as discussed below, the order was not registered in Minnesota, the requirement of Minn.Stat. § 518C.611(a)(1)(ii) was not met, precluding modification under Minn.Stat. § 518C.611(a)(1).

Third, Minn.Stat. § 518C.611(a)(2) provides that a Minnesota court may modify a foreign support order only after the order has been registered in Minnesota and all parties have filed written consents with the issuing court, allowing Minnesota to modify the support order and assume continu-

ing, exclusive jurisdiction over the order. There is no evidence that the order was registered in Minnesota or that either party filed a written consent with the Colorado court specifically allowing Minnesota to modify the support order and assume continuing, exclusive jurisdiction over the support order.

"Register" means to file a support order in the court administrator's office. Minn. Stat. § 518C.101(n). Appellant argues that the support order was filed in Minnesota and thus registered when all matters in the Colorado case file were transferred to a Minnesota case file pursuant to the October 26, 2005 Colorado court order transferring jurisdiction of the case to Minnesota. However, a party seeking to modify a child support order issued in another state must register that order in Minnesota as specifically provided by statute. Minn.Stat. § 518C.609. There is a statutory procedure for registering another state's support order in Minnesota for enforcement or modification; that procedure requires obtaining specified documents from the issuing state and filing them in the registering state. *See* Minn. Stat. § 518C.602.

When a foreign support order is registered, the court where it is registered must notify the non-registering party that (1) the order is enforceable as of the date of registration, (2) the non-registering party has 20 days after notice to request a hearing to contest the validity of the order, and (3) failure to contest the validity of the order in a timely manner will result in confirmation of the order. This notice must be accompanied by a copy of the registered order and any relevant documents and information. Minn.Stat. § 518C.605.

There is no evidence that these statutory notice requirements were met, nor is there evidence to suggest that either party

requested or intended that the transfer of the Colorado case file relating to visitation rights effected a registration of the Colorado support order in Minnesota. Custody matters must be registered under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (Minn.Stat. §§ 518D.101–518D.317 (2006)) and child support matters must be registered under the UIFSA. *See Abu–Dalbouh v. Abu–Dalbouh,* 547 N.W.2d 700, 705 (Minn.App. 1996) (noting that UCCJA and UIFSA operate under different standards). Additionally, this court has held that a precondition for registration of a foreign child-support order for *modification* is that the petitioner not be a resident of Minnesota. *See Stone v. Stone,* 636 N.W.2d 594, 596–97 (Minn.App.2001) (vacating registration of a South Dakota support order for modification where the petitioner, because she was a Minnesota resident, could not satisfy the requirements for modification of a foreign support order and thus was unable to satisfy the statutory requirements for registration).

None of the circumstances identified in the UIFSA that would give Minnesota courts subject matter jurisdiction to modify the Colorado child-support order are present here. Because (1) all of the parties do not reside in Minnesota, (2) the Colorado order was not registered in Minnesota, (3) appellant-petitioner is a Minnesota resident, and (4) no written consent was filed with the Colorado court allowing Minnesota to modify the support order, the district court correctly concluded that the Minnesota court may not modify the Colorado support order. This result is consistent with the intent of the UIFSA, which contemplates that in order to achieve a "rough justice between the parties," when the parents do not reside in the same state, the party seeking modification of a support order must do so in a state

that is not the state in which the party seeking the modification resides. *Porro,* 675 N.W.2d at 87.

### 2. Full Faith and Credit Clause

■■■ Appellant contends that the full faith and credit clause of the United States Constitution requires Minnesota courts to accept the Colorado court's order transferring jurisdiction. The United States Constitution requires that "[f]ull faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other State." U.S. Const. art. IV, 1. "[A] judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963). In *Durfee,* the jurisdictional question was whether the court which rendered the original judgment had jurisdiction to do so, thus precluding further inquiry by the second court. *Id.* at 116, 84 S.Ct. at 248. The United States Supreme Court held that the second court had the power and duty to inquire into the jurisdiction of the court that issued the original judgment and when that inquiry disclosed that the jurisdictional issues had been fully and fairly litigated by the parties and finally determined in that court, further inquiry into jurisdictional issues by the second court was precluded. *Id.*

The present case is distinguishable from *Durfee* because it is not the jurisdiction of the Colorado court that is in question here, but the jurisdiction of the Minnesota court. Here, the question of jurisdiction was summarily addressed by the Colorado court in response to respondent's request for a status conference to clarify the issue of jurisdiction, but it was not fully and fairly litigated by the Colorado court. The court did not address the issue of whether Minnesota had jurisdiction or the basis for its transfer of jurisdiction of the *support order* at this status conference. Its previous order, which it clarified at the status conference, was an order transferring jurisdiction of a motion to modify visitation based on Colo.Rev.Stat. § 14–13–207(1) and its finding that Colorado was an inconvenient forum. The original jurisdictional transfer was based on the need to determine the child's bests interests with information and evidence available in Minnesota, not Colorado, relating to decisions regarding parenting time. Until the Colorado court issued its order after the status conference, there was no indication that the court also intended to transfer jurisdiction of the support order when it transferred jurisdiction with respect to visitation. Nor did the Colorado court state a legal basis for transferring jurisdiction of the support order.

The UIFSA, adopted in both Minnesota and Colorado, specifically limits subject matter jurisdiction by identifying the circumstances under which a state may exercise jurisdiction to modify a support order issued in a different state. Minn.Stat. §§ 518C.611, 518C.613; Colo.Rev.Stat. §§ 14–5–611, 14–5–613 (2008). *See Porro,* 675 N.W.2d at 86–87. As discussed above, the circumstances that would allow Minnesota to exercise jurisdiction do not exist here. UIFSA also identifies how an issuing state may lose jurisdiction to modify a support order (although that loss does not automatically grant authority to another state to modify the order). *Porro,* 675 N.W.2d at 86. However, under the UIFSA, Colorado, the issuing state, has not lost jurisdiction over its order. "As long as one of the individual parties or the child continues to reside in the issuing state, and as long as the parties do not agree to the contrary, the issuing tribunal has con-

tinuing, exclusive jurisdiction over its order...." Unif. Interstate Family Support Act, § 205 cmt. (amended 1996), 9 U.L.A. 340 (2005). Here, respondent lives in Colorado and he has never agreed to transfer jurisdiction of child support matters to Minnesota. Therefore, Colorado still has an appropriate connection to the parties to justify its authority to modify its order. As noted above, the parties have not filed a written consent with the Colorado court allowing Minnesota to modify the support order. Colorado has simply refused to accept this continuing, exclusive jurisdiction without further explanation or legal authority.

Because the Colorado court did not consider and decide whether it had continuing exclusive jurisdiction to modify the support order under the UIFSA, we conclude that there is no Colorado subject matter jurisdiction determination to which the Minnesota court must give full faith and credit. We conclude that Minnesota cannot accept jurisdiction contrary to the provisions of the UIFSA applicable in both Colorado and Minnesota.

## DECISION

The district court did not err in concluding that Minnesota does not have subject matter jurisdiction under the Uniform Interstate Family Support Act to modify the Colorado child support order, and its failure to accept jurisdiction did not violate the full faith and credit clause of the United States Constitution.

**Affirmed.**

MINGE, Judge (concurring specially).

I join in the opinion of the court and write separately. This appeal presents a statutory-jurisdiction anomaly. As the majority opinion indicates, the Uniform Interstate Family Support Act (UIFSA) establishes a framework for transferring jurisdiction from one state to another. Appellant mother finds herself in a virtual catch–22 situation. A Colorado court has transferred jurisdiction to Minnesota, the time for appealing that decision has presumably expired without father (obligor) challenging the decision of his home state court, and now the Minnesota courts point out error by the Colorado court. Appellant may well find herself in a judicial stalemate facilitated by the provisions of UIFSA. Although it is tempting and arguably appropriate for this intermediate appellate court to formulate a creative solution to this situation, we traditionally decline to so develop or extend the law. Rather, we have observed that such is the role of our supreme court.