Argued and submitted July 9, affirmed on appeal and cross-appeal October 1, 1997

In the Matter of the Marriage of

Carol Ann COONEY,
now known as Carol Busby Cricow,
*Appellant - Cross-Respondent,*

*and*

Ronald Francis COONEY,
*Respondent - Cross-Appellant.*

(15-95-07632; CA A93998)

946 P2d 305

Marc D. Perrin argued the cause and filed the briefs for appellant - cross-respondent.

Barbara M. Palmer argued the cause for respondent - cross-appellant. On the brief was Douglas L. McCool.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Mother appeals from an order denying her requested relief in a proceeding in which both mother and father sought the amendment of a Nevada dissolution of marriage decree. Father also appeals from the trial court's denial of his request for an award of attorney fees and costs. We affirm on appeal and cross-appeal.

The parties' marriage was dissolved by decree in Nevada in 1985. Under the terms of the decree, they shared joint legal custody of their children, but mother was awarded physical care and custody. Father's child support obligation was set at $200 per month per child. According to the Nevada decree, that amount was to be increased over time as father's income increased. Father's child support obligations under the decree terminate when a child reaches the age of 18 years or is otherwise emancipated. Between 1985 and 1995, father's child support obligations were increased to $500 per month per child by Nevada courts.

In 1995, mother, now an Oregon resident, filed a motion in Lane County Circuit Court seeking modification of the child custody and visitation provision of the Nevada decree. She requested that the court grant her the sole legal and physical custody of the minor children, subject to reasonable visitation, that she be relieved from her obligation to pay transportation costs of the minor children's visits with father and that father pay her reasonable attorney fees and costs. Father then filed a countermotion, based on ORS 107.135,[1] to reduce his child support obligation and to change the requirement of the payment of transportation costs for the children's visitation. He also requested that mother pay his reasonable attorney fees and costs. At the time, father no longer resided in Nevada but had moved to Tennessee with his present wife.

At the hearing on the motions, father presented evidence that his income had decreased from $75,000 to $50,000 per year. He requested that support be set in accordance with Oregon child support guidelines. The trial court found that

---

[1] ORS 107.135 allows a court to modify a decree of dissolution of marriage when certain circumstances are met.

the reduction in father's income was not prompted by an attempt to lower his child support obligation, and, applying Oregon child support guidelines, it reduced father's child support obligation from $1,000 per month to $380 per month. It also ordered mother to pay all uninsured medical, dental, optical and orthodontic expenses incurred on behalf of the parties' children. Finally, it ruled that it did not have the authority to extend father's child support obligation beyond the age of 18 because Nevada law terminates child support obligations at that age. It reasoned that the Full Faith and Credit Clause of the United States Constitution[2] prevented it from extending the obligation to age 21 as authorized by Oregon law. *See* ORS 107.108. Mother appeals from those rulings.

We turn first to the trial court's refusal to extend father's child support obligations to age 21. Mother first argues that, because neither of the parties resided in Nevada at the time of the hearing and because both had submitted to the jurisdiction of the Oregon courts by filing motions in Oregon seeking modification of the Nevada judgment, the Full Faith and Credit Clause is not an impediment to extending the support obligations. She contends that the issue is governed by ORS chapter 107. However, ORS chapter 107 contains no authority for Oregon courts to modify foreign child support judgments. Rather, that authority is found in ORS chapter 110, also known as the Uniform Interstate Family Support Act (UIFSA).[3]

---

[2] The Full Faith and Credit Clause provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." US Const, Art IV, § 1.

[3] ORS 110.432(1) defines when an Oregon court may modify a foreign support order:

"(1) After a child support order in another state has been registered in this state, the responding tribunal of this state may modify that order *only if*, after notice and hearing, the responding tribunal finds that:

"(a) The following requirements are met:

"(A) The child, the individual obligee and the obligor do not reside in the issuing state;

"(B) A petitioner who is a nonresident of this state seeks modification; and

Next, mother asserts that because father filed his motion under ORS 107.135, ORS chapter 110 is inapplicable. We disagree. The fact that father cited the wrong statute as the authority for his motion does not preclude us from deciding the issue under the correct statute, in the absence of an issue about preservation. *See* ORAP 5.45(2). Here, the trial court's decision was not impeded by the erroneous citation of the authority on which father relied in support of his motion, and the trial court's decision was authorized by ORS 110.432(2).

Mother's counsel also suggested in oral argument that ORS chapter 110 applies only when the state is involved in an enforcement proceeding. However, ORS 110.426 provides:

> "A *party* or support enforcement agency *seeking to modify*, or to modify and enforce, *a child support order issued in another state* shall register that order in this state in the same manner provided in ORS 110.405 to 110.411 if the order has not been registered. A petition for modification may be filed at the same time as a request for registration, or later. The pleading must specify the grounds for modification." (Emphasis supplied.)

Thus, even when the state is not a party and enforcement is not at issue, as is the case here, ORS chapter 110 applies to modifications of foreign child support orders.

■        Under ORS chapter 110, the trial court correctly held that it did not have the authority to extend the duration of the child support orders beyond the age of 18. ORS 110.432(3) provides:

> "A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state."

The commentary to UIFSA further explains:

---

"(C) The respondent is subject to the personal jurisdiction of the tribunal of this state; or

"(b) An individual party or the child is subject to the personal jurisdiction of the tribunal and all of the individual parties have filed a written consent with the issuing tribunal providing that a tribunal of this state may modify the support order and assume continuing, exclusive jurisdiction over the order." (Emphasis supplied.)

"[ORS 110.432(3)] prevents the modification of *any final, nonmodifiable aspect of the original order*. For example, if child support was ordered through age 21 in accordance with the law of the issuing state and the law of the forum state ends the support obligation at 18, modification by the forum tribunal may not affect the duration of the support order to age 21." Commentary, Uniform Interstate Family Support Act, § 611 (1992). (Emphasis supplied.)

Nevada law terminates child support at age 18. Thus, an Oregon court could not extend a Nevada child support obligation to age 21. Accordingly, the trial court did not err when it refused mother's request to award support beyond the age of 18.

■    Mother also contends that father's support obligation should have been calculated under Nevada child support guidelines. However, ORS 110.432(2) provides:

"Modification of a registered child support order is subject to the same requirements, procedures and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner."

Once an Oregon court acquires jurisdiction over the foreign support order in accordance with ORS 110.432(1), it is to apply Oregon law to determine the proper amount of the child support.

We have considered mother's other assignments of error on appeal, and, based on our *de novo* review, we affirm the trial court's rulings without further discussion.

On cross-appeal, father assigns as error the trial court's denial of his request for attorney fees and costs. He contends, in part, that the trial court was required to award him attorney fees because he prevailed on his motion. At the hearing, father argued that ORS 20.075 governed in determining whether to award attorney fees and in what amount.[4]

---

[4] ORS 20.075 provides:

"(1) A court shall consider the following factors in determining whether to award attorney fees *in any case in which attorney fees are authorized by statute* and in which the court has discretion to decide whether to award attorney fees:

"* * * * *

However, ORS 20.075 does not provide substantive authority to award attorney fees but only provides the court with guidance on how attorney fees should be awarded when authorized by statute and when the court has discretion to decide whether to award attorney fees. Father did not provide the trial court with any other statutory authority as the ground for his request.

On appeal, father argues that ORS 107.135(7) required the trial court to award attorney fees and costs and that fees must be awarded because mother acted in bad faith by lying about her income and resources on the witness stand. However, as we have already stated, ORS chapter 107 is inapplicable to this proceeding. Rather, when the case involves a foreign child support order, ORS 110.378 provides the authority for an award of attorney fees and costs.[5]

■ Moreover, the right to attorney fees is dependent on statutory authority in the absence of a contractual right. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). Father cited no statutory authority to the trial court under which an award of attorney fees was required to be made because of mother's bad faith conduct. The grounds for awards of attorney fees vary depending on the statute relied upon. *Compare* ORS 107.135(7) *with* ORS 110.379(2) and ORS 110.378(3). ORAP 5.45(2) requires that before an issue can be assigned as error on appeal, it must be preserved before the trial court.

---

"(3) In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion." (Emphasis supplied.)

[5] ORS 110.378 provides:

"(1) The petitioner may not be required to pay a filing fee or other costs.

"(2) If an obligee prevails, a responding tribunal may assess against an obligor filing fees, reasonable attorney fees, other costs and necessary travel and other reasonable expenses incurred by the obligee and the obligee's witnesses. The tribunal may not assess fees, costs or expenses against the obligee or the support enforcement agency of either the initiating or the responding state, except as provided by other law. * * *

"(3) The tribunal shall order the payment of costs and reasonable attorney fees if it determines that a hearing was requested primarily for delay. In a proceeding under ORS 110.405 to 110.435, a hearing is presumed to have been requested primarily for delay if a registered support order is confirmed or enforced without change."

Because father failed to inform the trial court about which statute or the necessary elements that required it to award attorney fees, we conclude that the asserted error was not properly preserved. Therefore, we decline to review it. To the extent that father assigns error to the trial court's failure to make a discretionary award, we decline to hold that the trial court abused its discretion.[6]

Affirmed on appeal and cross-appeal. No costs to either party.

---

[6] The trial court ruled:

"No attorneys' fees are awarded on either side. That's not the blessing for both of you for the way you've acted, it's not a condemnation for the way you've acted, it's simply that this was obviously a very emotional issue at least for mother. I don't know how much it was for father. He was relatively restrained when he was here and I didn't detect any particular emotion out of him.

"I don't know the history, therefore, I'm not at all critical about the emotion that comes out of these cases. Obviously, emotion plays a tremendous part in dissolutions and post-decree modifications. So you're just each going to have to eat your own attorney's fees."