**In re the Marriage of Cynthia M. BRANCH, n/k/a Cynthia M. Martisko, petitioner, Appellant,**

v.

**Dean K. BRANCH, Respondent.**

No. C1–01–166.

Court of Appeals of Minnesota.

Aug. 28, 2001.

Wynn Curtiss, Miller, Steiner & Curtiss, P.A., Hopkins, MN, (for appellant).

Dean K. Branch, Fergus Falls, MN, pro se respondent.

Heard and considered by SHUMAKER, Presiding Judge, AMUNDSON, Judge, and PARKER, Judge.*

## OPINION

SHUMAKER, Presiding Judge.

Appellant-mother challenges the child support magistrate's calculation of respondent-father's net monthly income for child support purposes. She alleges that the magistrate erroneously interpreted Minn. Stat. § 518.551, subd. 5(b)(viii) (2000), in allowing a reduction of father's income by the amount he was paying in child support arrearages for another child who has reached the age of majority and that the district court erroneously affirmed. In the alternative, appellant argues that deducting amounts currently being paid for another child who has reached the age of majority violates public policy. Because the child support magistrate's interpretation is appropriate and does not violate public policy, and because the district court did not err in affirming the magistrate's order, we affirm.

## FACTS

Appellant Cynthia Martisko, formerly Cynthia Branch, and respondent Dean Branch dissolved their marriage in 1997. The dissolution judgment provided that Martisko would have sole physical custody of the parties' child, A.B., and that Branch would be obligated to pay monthly child support of $300.

When Martisko sought an increase in child support, Branch objected, arguing that his income had not increased and that his payment of support arrearages for another child should be deducted in calculating income available for support of A.B. Branch had been obligated to pay support for the other child under a California order. This child was born before A.B. and had reached majority prior to the current proceedings. But Branch remains obligated to pay $200 each month to satisfy arrearages in the California support.[1]

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. A copy of the California order is not included in the record for this appeal. However, both parties agree that the payments being made pursuant to the California order are solely for child support arrearages. Martisko argues that the California order is no longer in effect, but there is no showing that the California arrearages have been forgiven, or that child support arrearages are automatically forgiven once the child reaches majority.

After a hearing, a child support magistrate determined that the California arrearage payments are excluded from Branch's income for purposes of calculating support for A.B. The magistrate relied on statutory law, stating:

> Minn.Stat. [§ ] 518.551, subd. 5(b)(viii) does not make a distinction between an order for current support or an order for arrears. An Obligor is to receive a credit for "a child support or maintenance order that is currently being paid."

The magistrate then excluded the California monthly arrearages from Branch's income and ruled that there had been no substantial change in circumstances that would warrant a modification of Branch's child support obligation.

The district court denied Martisko's motion for review of the magistrate's order and affirmed the magistrate's findings of fact and conclusions of law. Martisko appeals.

## ISSUE

Under Minn.Stat. § 518.551, subd. 5(b)(viii) (2000), a child support order that is currently being paid is to be excluded when calculating an obligor's net monthly income available for child support. Does the exclusion apply to arrearages that the obligor is currently paying for the support of a child who has reached majority?

## ANALYSIS

Appellant Martisko argues that because the child in California has reached majority the California support order no longer exists and Branch is paying a judgment for arrearages. She urges that such payments are not excludable from Branch's income. She also contends that the district court erred in affirming the magistrate's interpretation of Minn.Stat.

§ 518.551, subd. 5(b)(viii) (2000), because it violates public policy.

■ The record does not show that the California arrearages have been reduced to judgment or that a child support order automatically becomes a judgment for any arrearages that exist when the child reaches majority. The record supports the conclusion that Branch had been ordered by a California court to pay support for a child, that Branch fell into arrears on that support obligation, that the child reached majority but arrearages remained, and that Branch is currently paying down those arrearages.

■ Statutory construction is a matter of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 393 (Minn. 1998). Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *Boubelik v. Liberty State Bank*, 553 N.W.2d 393, 402 (Minn.1996). Minn.Stat. § 518.551, subd. 5(b)(viii), states that a child support obligor's "[t]otal monthly income [does not include] * * * [a] Child Support * * * Order that is Currently Being Paid." The statute does not distinguish between payments being made when due and payments to satisfy arrearages. It requires only that there be an order for child support and that payments under that order are currently being made. There is no contention here that Branch's California payments are gratuitous; rather, he is paying because a court has ordered him to do so.

■ There is no contention that the California payments are for anything other than child support, albeit past due. Thus, Branch's California payments fit the plain language of the statute. When the language of a statute is clear on its face and free from ambiguity, no interpretation is

necessary, or even permissible. *Owens v. Water Gremlin Co.,* 605 N.W.2d 733, 737 (Minn.2000). In such case, the courts must simply apply the statute to appropriate facts. *See Deal v. Northwood Children's Home Soc'y, Inc.,* 608 N.W.2d 922, 925 (Minn.App.2000) (stating that "[i]n the absence of ambiguity the court must apply the plain language of the statute"), *review denied* (Minn. June 13, 2000). The magistrate did so.

 Martisko also argues that allowing respondent to deduct the $200 violates public policy because it is an egregious result for A.B., who is failing to receive child support that "is rightfully hers." However, Minnesota law provides that the needs of subsequent children do not necessarily take precedence in determining child support obligations. Minn.Stat. § 518.551, subd. 5f (2000); *see, e.g., Bock v. Bock,* 506 N.W.2d 321, 324 (Minn.App.1993) (stating that although it is appropriate for the district court to consider obligor's burden to support subsequent children, a principle with equal force is that the needs of subsequent children cannot be factored into a guidelines calculation); *Hayes v. Hayes,* 473 N.W.2d 364, 365–366 (Minn.App.1991) (stating that a district court's discretion in deferring to a later child support obligation is limited by "the long-standing recognition that a child support obligor must favor an established obligation over a subsequently assumed obligation."); *Wollschlager v. Wollschlager,* 395 N.W.2d 134, 135–36 (Minn.App.1986) (finding that if obligor is not paying the prior child support order, the prior obligation is to be disregarded in determining child support obligation for subsequent children; however, if the obligor is currently paying the prior support, he is entitled to have the amount deducted from his income). Although we are addressing the issue in the context of current payments of child support arrear-

ages, these cases appear to apply to and support the magistrate's interpretation of Minn.Stat. § 518.551, subd. 5(b)(viii), as well as the district court's decision to affirm the magistrate's interpretation. Nothing in these authorities suggests that the consideration of a current obligation for child support arrearages should be treated differently from payments made when due. We, therefore, reject Martisko's public-policy argument.

## DECISION

The district court correctly applied Minn.Stat. § 518.551, subd. 5(b)(viii) (2000), and the application of the statute to child support arrearage payments does not violate public policy.

**Affirmed.**