745 N.W.2d 924 (2008)
16 Neb. App. 559
Vivian L. WILLS, Appellee,
v.
Russell C. WILLS, Appellant.
No. A-06-1161.
Court of Appeals of Nebraska.
March 11, 2008.
*926 James C. Bocott, of McCarthy & Moore, North Platte, for appellant.
No appearance for appellee.
INBODY, Chief Judge, and IRWIN and CASSEL, Judges.
*925 CASSEL, Judge.

INTRODUCTION
The district court determined that under the Uniform Interstate Family Support Act (UIFSA) it had the authority to modify a New Mexico divorce decree to extend the duration of child support, measured by the age of majority, from age 18 (New Mexico) to age 19 (Nebraska). The court extended the child support owed by Russell C. Wills by 1 year. We determine that the court erred in statutory interpretation, and we modify the judgment to preserve the original duration of support.

BACKGROUND
On July 10, 1992, a district court for New Mexico dissolved the marriage between Russell and Vivian L. Wills. Pursuant to the divorce decree, Vivian was awarded "primary physical custody" of the parties' three minor children and Russell was ordered to pay child support until the minor children married, reached the age of majority, or otherwise became emancipated. The age of majority in New Mexico at the time of the decree was 18 years of age. At some point after the entry of the New Mexico decree, the parties and their minor children moved to Nebraska.
In March 2006, Vivian registered the New Mexico decree in the district court for Frontier County. On March 27, she filed a motion to modify the amount of the child support obligation for the two younger children, who were born in November 1988, asserting a material change in circumstances in that Russell's disposable income had increased.
Based on stipulated facts, the district court entered an order on August 31, 2006, modifying both the amount and duration of the child support originally ordered in the New Mexico divorce decree. The court determined that the requirements for a modification in Neb.Rev.Stat. § 42-746 (Reissue 2004) did not apply because Neb. Rev.Stat. § 42-747.01 (Reissue 2004) was applicable. The court found that it had exclusive continuing jurisdiction and that the decree was subject to modification using Nebraska substantive law.
Russell timely appeals. Pursuant to authority granted to this court under Neb. Ct. R. of Prac. 11B(1) (rev.2006), this case was ordered submitted without oral argument.

ASSIGNMENT OF ERROR
Russell alleges that the court erred in modifying the duration of child support under the UIFSA because the duration of child support was determined by the age of majority and was nonmodifiable under the laws of both states.

STANDARD OF REVIEW
Statutory interpretation presents a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. Mathews v. Mathews, 267 Neb. 604, 676 N.W.2d 42 (2004).

ANALYSIS
As the Nebraska Supreme Court has previously explained:
The general purpose of UIFSA is to unify state laws relating to the establishment, *927 enforcement, and modification of child support orders. . . . The goal of UIFSA is to streamline and expedite interstate enforcement of support decrees and to eliminate the problems arising from multiple or conflicting support orders from various states by providing for one tribunal to have continuing and exclusive jurisdiction to establish or modify a child support order. . . . UIFSA provides a system where only one child support order may be in effect at any one time. . . . UIFSA allows, under certain circumstances, a Nebraska court to . . . modify a support order issued in another state. . . .
Hamilton v. Foster, 260 Neb. 887, 899, 620 N.W.2d 103, 114 (2000).
The specific question presented in this appeal is whether the Nebraska court, the registering tribunal under UIFSA, has authority to modify the duration of child support determined by the New Mexico court as the issuing tribunal.
In Nebraska, the age of majority is 19. See Neb.Rev.Stat. § 43-2101 (Reissue 2004). The district court determined, and Russell does not dispute, that the age of majority in New Mexico is 18. See N.M. Stat. Ann. § 28-6-1 (Michie 2000).
The district court determined, and Russell agrees, that § 42-747.01 applies to the instant case. Section 42-747.01 states:
(a) If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction . . . to modify the issuing state's child support order in a proceeding to register that order.
(b) A tribunal of this state exercising jurisdiction under this section shall apply the provisions of sections 42-701 to 42-713.02 and 42-736 to 42-747.03 and the procedural and substantive law of this state to the . . . modification proceeding. Sections 42-714 to 42-735 and 42-748 to 42-750 do not apply.
(Emphasis supplied.)
The district court focused on the language in § 42-747.01(b) directing the court to apply Nebraska substantive law. As Nebraska substantive law specifies age 19 as the age of majority, the court determined that § 42-747.01 authorized the court to modify the duration of support to that age. The court stated that "[t]he requirements for a modification set forth in [§] 42-746 do not apply because [§] 42-747.01 is applicable to this case."
Russell, however, emphasizes the listed sections and contends that § 42-747.01(b) also requires the court to apply § 42-746(c) and (d), as they fall within the specified range. Section 42-746 states, in pertinent part:
(c) Except as otherwise provided in section 42-747.03, a tribunal of this state shall not modify any aspect of a child support order that cannot be modified under the law of the issuing state, including the duration of the obligation of support. . . .
(d) In a proceeding to modify a child support order, the law of the state that is determined to have issued the initial controlling order governs the duration of the obligation of support. The obligor's fulfillment of the duty of support established by that order precludes imposition of a further obligation of support by a tribunal of this state.
Russell argues that the duration of a child support order could not be modified under New Mexico law and that the Nebraska court was also precluded from modifying the duration of the support order. He also contends that New Mexico law controls the duration of his support obligation.
*928 Despite a basic difference in the nature of the case, we rely upon the decision in Groseth v. Groseth, 257 Neb. 525, 600 N.W.2d 159 (1999), for guiding principles. The Groseth parties were divorced in Massachusetts and resided respectively in Texas and Nebraska. In the instant case, both parties reside in Nebraska. Thus, while in Groseth there remained a matter of interstate concern as between Texas and Nebraska, no such matter exists in the instant case. Nonetheless, we draw three important lessons from the Groseth decision. First, we properly look to the official comments contained in a model act on which a Nebraska statute or series of statutes was patterned for some guidance in an effort to ascertain the intent of the legislation. Id. Second, dicta in Groseth supports our interpretation. Third, a court must look to a statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. Id.
The official comments to the model act support our interpretation. The Nebraska Legislature closely followed the changes to the UIFSA model act, adopting the 1996 UIFSA amendments in 1997 and importing the 2001 UIFSA changes in 2003. See, 2003 Neb. Laws, L.B. 148; 1997 Neb. Laws, L.B. 727. Section 42-747.01 precisely tracks Unif. Interstate Family Support Act § 613, 9 U.L.A. 261 (2005), which was a new section included in the 1996 UIFSA amendments. The 1996 comment to § 613, which we quote at length, speaks directly to the purpose of § 42-747.01:
The comment to Section 611(e) in the 1992 version of UIFSA contains the following statement: "Finally, note that if the parties have left the issuing state and now reside in the same state, this section is not applicable. Such a fact situation does not present an interstate matter and UIFSA does not apply. Rather, the issuing state has lost its continuing, exclusive jurisdiction and the forum state, as the residence of the parties, should apply local law without regard to the interstate Act."
The intent of the comment was to state what seemed at the time to the Drafting Committee to be obvious; an action between two citizens of the same state is not a matter for interstate concern or application. A significant number of knowledgeable commentators, however, found the statement in the comment to be wholly inadequate. After all, the commentary is not substantive law, but rather merely expresses an interpretive opinion of the drafters of the Act. On reflection, the Drafting Committee decided that the critics were correct; the Act should deal explicitly with the possibility that the parties and the child no longer reside in the issuing state and that the individual parties have moved to the same new state. . . .
This section is designed to make it clear that when the issuing state no longer has continuing, exclusive jurisdiction and the obligor and obligee reside in the same state, a tribunal of that state has jurisdiction to modify the child support order and assume continuing, exclusive jurisdiction. . . .
Finally, because modification of the child support order when all parties reside in the forum is essentially an intrastate matter, Subsection (b) withdraws authority to apply most of the substantive and procedural provisions of UIFSA.. . . Note, however, that the provision in Section 611(c) [§ 42-746(c)] forbidding modification of nonmodifiable aspects of the controlling order applies. For example, the duration of the support obligation remains fixed despite *929 the subsequent residence of all parties in a new state with a different duration of child support.

(Emphasis supplied.) Unif. Interstate Family Support Act § 613, comment, 9 U.L.A. 454 (2005). A comment to the 2001 amendments enlarges on this explanation, stating:
The fact that the State of the new controlling order has a different duration of for [sic] child support is specifically declared to be irrelevant by UIFSA, see Section 611, supra. Note that the even-handed approach of the Act is sustained; neither an increase nor a decrease in the duration in the obligation of child support is permitted.
Unif. Interstate Family Support Act § 613, comment, 9 U.L.A. 261 (2005). This comment refers to the 2001 amendment to UIFSA § 611 adding a new section (d), which was, in turn, adopted essentially verbatim by the Nebraska Legislature as the current § 42-746(d). Section 42-476(c) was also amended to expressly refer to the duration of the obligation of support as an aspect that cannot be modified under the law of the issuing state.
The dicta in Groseth v. Groseth, 257 Neb. 525, 600 N.W.2d 159 (1999), anticipated the 2001 UIFSA amendments. In describing the purpose of § 42-747.01, the Nebraska Supreme Court quoted the comment regarding the interpretation initially deemed "`obvious'" by the UIFSA Drafting Committee. The court also provided an example suggesting that where the law of the states differed on the age of majority, modification by the forum state could not affect the duration of the support order.
In light of the history of the 1996 and 2001 amendments to UIFSA (adopted by the Legislature in 1997 and 2003, respectively), the purpose of the statute is clear. Section 42-746(d) declares that the law of the state which issued the initial controlling order governs the duration of the obligation of support. The district court recognized that the law of New Mexico provides for support to terminate at age 18. As New Mexico issued the initial controlling order, its law governs the duration of Russell's support obligation. The district court erred in extending Russell's child support by the additional year.

CONCLUSION
Under the 1996 and 2001 amendments to UIFSA, the law of New Mexico, as the state which issued the initial controlling order, governs the duration of Russell's support obligation. To the extent that the district court's order of modification purported to change the duration of support, it is modified to conform to the provision of the original New Mexico decree continuing child support until such time as the children "are married, reaches [sic] majority or [are] otherwise emancipated." Under the governing law of New Mexico, a child reaches majority when he or she attains the age of 18 years. As so modified, we affirm the final order of the district court.
AFFIRMED AS MODIFIED.