**HENNEPIN COUNTY, Respondent,**

**Julie Ann Hill n/k/a Julie Ann Grimme, Respondent,**

v.

**Brian Anthony HILL, Appellant.**

No. A09–787.

Court of Appeals of Minnesota.

Jan. 26, 2010.

Michael O. Freeman, Hennepin County Attorney, Theresa A. Farrell–Strauss, Assistant County Attorney, Minneapolis, MN, for respondent county.

Julie Ann Grimme, Bloomington, MN, pro se respondent.

Brian Anthony Hill, Wesley, AR, pro se appellant.

Considered and decided by LANSING, Presiding Judge; JOHNSON, Judge; and CRIPPEN, Judge.*

## OPINION

JOHNSON, Judge.

Brian Anthony Hill and Julie Ann Grimme were married for 10 years. When their marriage was dissolved, a Mississippi court ordered Hill to pay child support to Grimme until their children were emancipated. Under Mississippi law, the parties' youngest child would be emancipated at the age of 21. But both Grimme and Hill later moved to Minnesota, and the Mississippi decree was registered here pursuant to the Uniform Interstate Family Support Act. Under Minnesota law, the parties' youngest child would be emancipated at the age of 20. When their youngest child turned 20, Hill moved to terminate his child-support obligation. The district court denied the motion on the ground that Mississippi law would not allow modification of the duration of Hill's child-support obligation given the facts of this case. We agree with the district court's reasoning and,

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

therefore, affirm on the principal issue raised in this appeal.

## FACTS

Hill and Grimme were married in 1980. They have three children, who were born in 1982, 1983, and 1988, respectively. Their marriage was dissolved in 1990 while they were living in Mississippi. The final decree dissolving the marriage requires Hill to make child-support payments to Grimme until all three children are emancipated.

Grimme and the three children moved to Minnesota in 1992. Hill moved to Minnesota in 2003. Soon thereafter, Hill initiated proceedings in the Hennepin County District Court to determine the amount of his child-support obligation and to challenge the county's enforcement of his obligation by withholding his income. In 2003 and 2004, the district court issued a series of orders, the first of which registered the Mississippi final decree for enforcement and modification in Minnesota pursuant to the Uniform Interstate Family Support Act (UIFSA), Minn.Stat. §§ 518C.101–.902 (2008). Subsequent orders increased the amount of Hill's child-support obligation according to Minnesota law. Hill appealed, and this court held that the district court "had jurisdiction to enforce and modify the Mississippi order establishing father's child-support obligation," that Minnesota "continues to have continuing, exclusive jurisdiction over the support order it entered" in 2003, and that "the district court did not err by calculating [the amount of] father's obligation under the Minnesota guidelines" because "Minnesota law is applied to modification of father's child-support obligation." *State v. Hill,* No. A05–781, 2006 WL 1229137, at *3 (Minn.App. May 4, 2006).

In October 2008, after the parties' youngest child reached the age of 20, Hill moved to terminate his child-support obligation on the ground that the child was emancipated pursuant to Minnesota law. In November 2008, a child support magistrate concluded that Hill's motion should be denied because Mississippi law would not allow the duration of Hill's child-support obligation to be modified given the facts of this case. Hill sought review of the child support magistrate's order by a district court judge, who affirmed in March 2009. Hill appeals.

## ISSUE

If a Mississippi court has issued a child-support order that has been registered for enforcement and modification in Minnesota pursuant to the Uniform Interstate Family Support Act, Minn.Stat. §§ 518C.101–.902, may the district court modify the duration of the child-support obligation pursuant to Minnesota law?

## ANALYSIS

Hill argues that the district court erred by not applying Minnesota law to determine the duration of his child-support obligation. We apply a *de novo* standard of review to a district court's interpretation of a statute and its application of the statute to undisputed facts. *Becker v. Mayo Found.,* 737 N.W.2d 200, 207 (Minn. 2007); *Branch v. Branch,* 632 N.W.2d 261, 263 (Minn.App.2001).

### A.

The district court analyzed Hill's motion by applying the UIFSA, as codified in Minnesota. *See* Minn.Stat. §§ 518C.101–.902. The UIFSA is concerned with a state court's "jurisdiction to enforce and modify child support orders" of another state. *In re Welfare of S.R.S.,* 756 N.W.2d 123, 126 (Minn.App.2008), *review denied* (Minn. Dec. 16, 2008). The UIFSA has been adopted in all 50 states. *Id.* The

UIFSA was first promulgated in 1992, and it has been amended twice, in 1996 and in 2001. Unif. Interstate Family Support Act, Prefatory Note I (amended 2001), 9 U.L.A. 159, 161–62 (2005) (found in part IB of volume 9). Minnesota law reflects the 1996 version of the UIFSA. 1997 Minn. Laws. ch. 203, art. 6, §§ 50–71, at 1792; *see also* Unif. Interstate Family Support Act, General Statutory Note (amended 1996), 9 U.L.A. 296 (2005). Thus, if certain prerequisites are satisfied, Minnesota courts have jurisdiction to enforce and modify child-support orders issued by the courts of other states. Minn. Stat. § 518C.613(a).

The statutory provisions that are at the core of this appeal provide:

(b) Modification of a registered child support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a tribunal of this state and the order may be enforced and satisfied in the same manner.

(c) A tribunal of this state may not modify any aspect of a child support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child support orders for the same obligor and child, the order that controls and must be recognized under section 518C.207 establishes the aspects of the support order which are nonmodifiable.

Minn.Stat. § 518C.611(b), (c). Hill relies on subsection (b) and the second sentence of subsection (c). He contends that Minnesota law should determine whether the duration of his child-support obligation is nonmodifiable because a Minnesota court issued the controlling order. The county relies on the first sentence of subsection (c). The county contends that Mississippi law should determine whether the duration of his child-support obligation may be modified because Mississippi is the issuing state. The parties agree that, under Mississippi law, given the facts of this case,[1] Hill's child-support obligation would continue until the parties' youngest child reached her 21st birthday in September 2009. The parties also agree that, under Minnesota law, given the facts of this case, Hill's child-support obligation would terminate when the parties' youngest child reached her 20th birthday in September 2008. *See* Minn.Stat. § 518A.26, subd. 5 (2008). Thus, the central question is whether the district court should have looked to Minnesota law or Mississippi law to determine the age of emancipation of the parties' youngest child and, thus, whether the duration of Hill's child-support obligation is subject to modification.

Each party's argument has some support in the text of section 518C.611. Subsection (b), by itself, appears to say that a child-support order issued by a court of another state may be modified in the same manner as a child-support order of a Minnesota court. This suggests that Hill may seek modification of his support order pursuant to Minnesota law. In addition, the second sentence of subsection (c), by itself, appears to say that Minnesota law determines whether the duration of Hill's child-support obligation is nonmodifiable

---

1. Hill and the county state that the youngest child is a full-time university student. In light of the parties' agreement concerning the application of Mississippi law, it appears that the youngest child also has not married, has not joined the military, has not been convicted of a felony and sentenced to two years or more of incarceration, has not obtained full-time employment, and has not cohabited with another person without Hill's approval. If any of those facts were otherwise, a Mississippi court would be authorized to declare the child's emancipation and to terminate the child-support obligation. *See* Miss.Code Ann. § 93–11–65(8) (Supp.2009).

because a Minnesota court issued the controlling order. But the first sentence of subsection (c), by itself, appears to say that Mississippi law determines whether the duration of Hill's child-support obligation may be modified because Mississippi is the issuing state.

Our supreme court has stated that "[t]he objective of all statutory interpretation is 'to give effect to the intention of the legislature in drafting the statute.'" *State v. Thompson*, 754 N.W.2d 352, 355 (Minn. 2008) (quoting *State v. Iverson*, 664 N.W.2d 346, 350 (Minn.2003)). Because section 518C.611 is "subject to more than one reasonable interpretation," it is ambiguous. *In re PERA Police & Fire Plan Line of Duty Disability Benefits of Brittain*, 724 N.W.2d 512, 516 (Minn.2006) (quotation omitted). To resolve the ambiguity, we may refer to extrinsic sources of interpretation. *Laase v. 2007 Chevrolet Tahoe*, 776 N.W.2d 431, 435 n. 2 (Minn. 2009). Our supreme court also has held that "[t]he intention of the drafters of a uniform act becomes the legislative intent upon enactment." *Shields v. Goldetsky (In re Butler)*, 552 N.W.2d 226, 231 (Minn. 1996). Thus, if a provision of a uniform law is ambiguous, "resort may be had to the notes of the drafters" of the uniform law. *Id.*

In light of the interpretive methods prescribed by the caselaw, we look to the official comments of the National Conference of Commissioners on Uniform State Laws. The comment to section 611 of the UIFSA states that if an aspect of a child-support obligation may not be modified

under the law of the state that first imposed the obligation, that aspect of the obligation may not be modified under the law of any other state:

> Subsection (b) states that if the forum has modification jurisdiction because the issuing state has lost continuing, exclusive jurisdiction, the proceedings will generally follow local law with regard to modification of child support orders. *However, Subsection (c) prevents the modification of any final, nonmodifiable aspect of the original order.* For example, if child support was ordered through age 21 in accordance with the law of the issuing state and the law of the forum state ends the support obligation at 18, *modification by the forum tribunal may not affect the duration of the support order to age 21.*

Unif. Interstate Family Support Act § 611 cmt. (amended 1996), 9 U.L.A. 444 (2005) (emphasis added). This comment is directly on point and clearly indicates the intent of the drafters of the uniform law on the issue in this appeal.[2]

■ In addition, the courts of other states, when presented with this question, consistently have held that the duration of a child-support obligation may not be modified if the law of the issuing state would not permit it to be modified. For example, in *C.K. v. J.M.S.*, 931 So.2d 724 (Ala.Civ. App.2005), the court summarized the caselaw by stating that

> if the law of the state in which a child-support order was originally issued provides that child support shall continue

2. Consistent with this comment, the National Conference of Commissioners on Uniform State Laws amended the text of section 611 in 2001 by adding the phrase, "including the duration of the obligation of support," to the end of subsection (c). Unif. Interstate Family Support Act § 611(c) (amended 2001), 9 U.L.A. 255 (2005). The 2001 comment to

section 611 of the UIFSA explains that the amendment to the text of section 611(c) was not a substantive change but merely a clarification. Unif. Interstate Family Support Act § 611 cmt. (amended 2001), 9 U.L.A. 258 (2005). We do not give any effect to the 2001 amendment to the UIFSA because it has not been enacted into law in Minnesota.

until the child is a particular age, a court of a different state that has registered the order for the purpose of modifying it cannot alter the duration of child support provided in the original child-support order.

*Id.* at 729; *see also In re Marriage of Doetzl,* 31 Kan.App.2d 331, 65 P.3d 539, 543 (2003); *Holbrook v. Cummings,* 132 Md.App. 60, 750 A.2d 724, 728–29 (2000); *Lunceford v. Lunceford,* 204 S.W.3d 699, 707–09 (Mo.Ct.App.2006); *Wills v. Wills,* 16 Neb.App. 559, 745 N.W.2d 924, 926–29 (2008); *In re Marriage of Cooney,* 150 Or.App. 323, 946 P.2d 305, 306–07 (1997). These opinions are relevant to our analysis because uniform laws should be "interpreted to effect their general purpose to make uniform the laws of those states that enact them." *Johnson v. Murray,* 648 N.W.2d 664, 670 (Minn.2002). For that reason, "we give great weight to other states' interpretations of a uniform law." *Id.*

▌ Thus, section 518C.611 of the Minnesota Statutes does not permit the modification of any aspect of a child-support order issued by a court of another state if the law of the issuing state would not allow that aspect of the order to be modified. Because a Mississippi court issued the original order requiring Hill to pay child support, and because Mississippi law would not allow the duration of Hill's child-support obligation to be modified given the facts of this case, Hill may not obtain modification of the duration of his child-support obligation pursuant to Minnesota law. Therefore, the district court properly denied Hill's request to terminate his child-support obligation on his youngest child's 20th birthday.

### B.

▌ In the alternative, Hill argues that the UIFSA does not apply to his motion because the motion concerns an intrastate matter. Hill purports to rely on section 611(e) of the UIFSA, but there is no provision so denominated in chapter 518C of the Minnesota Statutes. The 1992 version of the UIFSA included a provision denominated section 611(e), Unif. Interstate Family Support Act § 611(e) (1992), 9 U.L.A. 514 (2005), and that provision was part of Minnesota law, *see* Minn.Stat. § 518C.611(e) (1996). But that provision was deleted from the Minnesota Statutes when the legislature adopted the 1996 version of the UIFSA. *See* 1997 Minn. Laws. ch. 203, art. 6, § 67, at 1801.

The language on which Hill relies actually is found in the comment to section 611(e) of the 1992 version of the UIFSA. But that comment is irrelevant because Minnesota adopted the 1996 version of the UIFSA. 1997 Minn. Laws. ch. 203, art. 6, §§ 50–71, at 1792; *see also* Unif. Interstate Family Support Act, General Statutory Note (amended 1996), 9 U.L.A. 296 (2005). In addition, the drafters of the UIFSA clarified the 1992 comment in 1996 by stating "that when the issuing state no longer has continuing, exclusive jurisdiction and the obligor and obligee reside in the same state, a tribunal of that state has jurisdiction to modify the child support order and assume continuing, exclusive jurisdiction." Unif. Interstate Family Support Act § 613 cmt. (amended 1996), 9 U.L.A. 454 (2005). The 1996 comment also states that "Section 611(c) forbid[s] modification of nonmodifiable aspects of the controlling order" and that "the duration of the support obligation remains fixed despite the subsequent residence of all parties in a new state with a different duration of child support." *Id.*[3]

3. The text of the pertinent portion of section 613 of the 1996 version of the UIFSA, as adopted in Minnesota, is as follows: "If all of the parties who are individuals reside in this

Hill also relies on *Mathews v. Mathews,* No. 05–1090, 2006 WL 2699908 (Ark. Sept.21, 2006), in which the Arkansas Supreme Court held that the UIFSA did not apply to parties who had moved from Missouri, where the original support order was issued, to Arkansas. *Id.* But that opinion was withdrawn only a couple months later. *Mathews v. Mathews,* 368 Ark. 252, 244 S.W.3d 660, 662 (2006). In the second opinion, the court held that the "UIFSA *does* apply" and explained that, in its prior opinion, it had erroneously relied on the comment to section 611 of the 1992 version of the UIFSA rather than the 1996 version. *Id.* at 661–62. Furthermore, Hill's argument that the UIFSA does *not* apply to this case is in direct conflict with this court's opinion in Hill's prior appeal, in which we held that the UIFSA *does* apply to this case. *Hill,* 2006 WL 1229137, at *2. Thus, the district court properly applied the UIFSA to Hill's motion to modify the duration of his child-support obligation.

### C.

 Before concluding, we note that Hill raises an additional issue for which a summary remand is appropriate. In the district court, Hill sought an order directing the Minnesota Child Support Administrator to apply funds in his suspense account to his child-support arrears, releasing the balance of funds in the suspense account to his wife and their youngest child, and determining the amount of monthly payments necessary to reduce his arrears. The child support magistrate acknowledged that Hill was seeking "other relief regarding payment of his arrearages due to the child's emancipation" in addition to modification of the duration of his child-support obligation. But the child support magistrate did not analyze or address the secondary issues raised by Hill's motion. The district court judge reviewing the matter also did not analyze or address those issues. Hill presented the secondary issues with sufficient specificity such that the district court should have expressly considered them and specifically ruled on them. Thus, we remand the matter to the district court for further proceedings on Hill's other requests for relief.

## DECISION

The district court properly denied Hill's motion to modify the duration of his child-support obligation. On remand, the district court should decide Hill's other requests for relief.

**Affirmed and remanded.**

---

state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order." Minn.Stat. § 518C.613(a).